UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LEONARD PRICE                                    CIVIL ACTION

VERSUS                                           NO: 09-4257

HOUSING AUTHORITY OF NEW                         SECTION: R(4)
ORLEANS, ET AL.


                         **ORDER AND REASONS**

    Before the Court is defendants Desire Area Residents Council, Kathleen Matthews, Margaret McMillan, and Bonnie Rogers' motion to dismiss for insufficient service of process under Rule 12(b)(5).[1]  For the following reasons, the Court DENIES defendants' motion but orders Price to effect proper service on defendants, as detailed *infra*.

    Leonard Price filed his complaint *pro se* and *in forma pauperis* on July 9, 2009.[2]  Summons were issued, but they were returned unexecuted by the United States Marshals Service as to

---

    [1]   (R. Doc. 73.)

    [2]   (R. Doc. 1.)

the defendants who have filed the present motion, with notations stating that the listed addresses were incorrect.[3] These defendants were later served, and the summons were returned executed by the Marshals Service on October 13, 2009.[4] The service of process did not, however, include the original complaint.[5] On May 10, 2010, the Court ordered Price to either obtain a waiver of service from the defendants or else properly serve the defendants within twenty days.[6] On May 28, 2010, the summons were once again returned executed.[7] Defendants assert, and the record reflects, that the server of process in this most recent service attempt was Leonard Price.[8] Defendants now move to dismiss Price's complaint under Rule 12(b)(5) for insufficient service of process because they were served by a party to the action.

Proper service of process is a mandatory prerequisite to a suit in federal court.[9] Proceedings against a party are void if

---

[3]    (R. Doc. 7, 9-11.)

[4]    (R. Doc. 25-28.)

[5]    (R. Doc. 38-3, 39-1, 39-2.)

[6]    (R. Doc. 59.)

[7]    (R. Doc. 68-71.)

[8]    *Id.*

[9]    Fed. R. Civ. P. 4(c)(1).

2

that party is not validly served.[10] The party on whose behalf service is made bears the burden of proving that service was valid.[11] Under Rule 4(c)(2), service must be made by a person "who is at least 18 years old and not a party" to the action.[12] As a party to this action, Leonard Price could not validly serve the defendants. Thus, defendants have not been properly served.

Rule 4(m) gives a plaintiff 120 days to serve defendants. More than 120 days have passed since Price filed his complaint on July 9, 2009. When defendants are not validly served within 120 days of the filing of the complaint, a court must dismiss the action or order that service be made within a specified period of time.[13] If, however, the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period.[14] The plaintiff has the burden of proving

---

[10] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

[11] *Id.*

[12] Fed. R. Civ. P. 4(c)(2). The Court need not decide whether Price could avoid the requirements of Rule 4(c)(2) under Rule 4(e)(1), which allows service to be made pursuant to state law, because Louisiana law also requires that process be served by a person who is "not a party" to the action. La. Code. Civ. Proc. art. 1293.

[13] Fed. R. Civ. P. 4(m).

[14] *Id.*

good cause for the failure to effect timely service.[15]  A plaintiff shows good cause for delay when a good faith attempt is made to effectuate service, but the service nonetheless fails to satisfy all the requirements set forth in Rule 4.[16]  Mere inadvertence, mistake of counsel, or ignorance of the rules does not usually suffice to establish good cause.[17]

The rules governing service of process are applied to a *pro se* and *in forma pauperis* plaintiff in a "special" and "more lenient" manner.[18]  Such a case may still be properly dismissed, however, when the lack of proper service is attributable to the plaintiff's "dilatoriness or fault" or "inaction."[19]  "The district court enjoys a broad discretion in determining whether

---

[15] *See Gitz v. St. Tammany Parish Hospital*, 125 F.R.D. 138 (E.D.La. 1989); *Purvis v. Jenkins*, No. Civ.A. 97-0263, 1998 WL 290212, at *2 (E.D.La. June 2, 1998).

[16] *See Chilean Nitrate Corp. v. M/V Hans Leonhardt*, 810 F.Supp. 732, 735 (E.D.La. 1992).

[17] *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

[18] *Holly v. Metropolitan Transit Authority*, 213 Fed.Appx. 343, 344 (5th Cir. 2007), citing *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

[19] *Id.*, citing *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987).

4

to dismiss an action for ineffective service of process."[20]

The Court will allow Price one final opportunity to serve these defendants properly.[21] Price has made multiple attempts to effect service of process. While he has made mistakes in attempting to serve defendants, he has not shown the kind of inaction that would justify dismissing his *pro se* complaint at this point.[22]

The Court ORDERS Price to either obtain a waiver of service from the defendants,[23] or else properly serve the defendants and file proof of service within TWENTY (20) DAYS. The Court emphasizes that it is the plaintiff's responsibility to ensure that the defendants are properly served in this matter.[24] If Price fails to do so, and fails to obtain a waiver, the Court will dismiss this case.

---

[20] *George v. United States Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).

[21] Whether or not there is good cause for the delay that has already occurred, the Court may order that service be made within a specified period of time under Rule 4(m) in lieu of dismissing the case.

[22] *Cf. Rochon*, 828 F.2d at 1110 (dismissing complaint of *pro se* plaintiff who did "nothing" to remedy service that he knew was defective).

[23] Fed. R. Civ. P. 4(d).

[24] Fed. R. Civ. P. 4(c)(1).

For the reasons stated, defendants' motion to dismiss is DENIED.

New Orleans, Louisiana, this 16th day of July, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE