UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARD PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO:  09-4257** |
| **HOUSING AUTHORITY OF NEW ORLEANS, ET AL.** | **SECTION: "R" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion for F.R.C.P. Rule 11 Sanctions (R. Doc. 61)** filed by the Plaintiff, Leonard Price ("Price"), which was referred to a United States Magistrate Judge for determination pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (c).** Upon review of the motion, the Court has determined that this matter can be disposed of without an Evidentiary Hearing

### I.    Factual Background

Price was a tenant in Desire Development, which he alleges was run by Housing Authority of New Orleans ("HANO") and Desire Area Resident Council ("DARC"). (R. Doc. 1, ¶ 12.) Price claims that HANO and DARC, acting under color of law, denied him the opportunity to participate in decision-making process, employment, economic and management opportunities, thereby depriving him of due process and equal protection rights. (R. Doc. 1, ¶ 4.) Specifically, Price claims that HANO and DARC conspired to deprive him of opportunities and entitlements afforded to female members of the DARC board. (R. Doc. 1, ¶ 9.) Price argues that HANO and DARC have conspired to deprive him of numerous opportunities and retained funds that should have been provided for residents. (R. Doc. 1.)

In the instant motion, in which Price seeks Rule 11 sanctions, Price claims that Defendants, Laetitia Black and Housing Authority of New Orleans (collectively "the Defendants"), failed to make their required Rule 26 initial disclosures, as ordered by the presiding Judge during a preliminary conference. (R. Doc. 61, p. 1.) Price seeks a contempt order for the Defendants' failure to provide the information mandated by the rules and failure to follow the presiding Judge's order. (R. Doc. 61, p. 1.) Although Price styles his motion as seeking sanctions under Rule 11, the Court notes that Rule 11 sanctions are reserved for misrepresentations made by attorneys or pro se in their pleadings. Price does not identify any pleading filed by the Defendants which contains misrepresentations, but does appear to assert, generally, that the Defendants have failed to comply with a Court order. Therefore, the Court will construe Price's motion as a motion for sanctions and contempt under Rule 37(b)(2)(A), which allows a Court to issue a contempt order if a party fails to comply with a Court Order. *See Zimmerman v. Spears*, 565 F.2d 310, 316 (5th Cir. 1977) (citing *Haines v. Kerner*, 404 U.S. 519, (1972)) (noting that it is the policy of the Fifth Circuit to broadly construe pro se filings).

**II.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P. 37(b)(2)(A)(vii). Rule 37(b)(2)(A) provides numerous remedies for a party's failure to comply with a court order, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

2

> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F. Supp. 973, 975 (D.C. La. 1976). It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order. *Id.* (internal citations omitted).

## III.   Analysis

In the instant case, Price has failed to demonstrate by clear and convincing evidence that there was a court order in effect that required certain conduct of the Defendants and that the Defendants failed to comply with that Order. Although Price considers the Defendants Rule 26 initial disclosures insufficient, he points to no "definite and specific order of the court" that requires the Defendants to supplement their initial disclosures. *See Piggly Wiggly Clarksville, Inc.*, 177 F.3d at 382. Furthermore, Price offers no evidence that the Defendants initial disclosures are, in fact, insufficient.

Based on the information before the Court, there is no basis for sanctions against the Defendants under Rule 37.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Price's **Motion for F.R.C.P. Rule 11 Sanctions (R. Doc. 61)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 27th day of July, 2010.

```
                        _____
                           KAREN WELLS ROBY
                        UNITED STATES MAGISTRATE JUDGE
```

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.