UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONARD PRICE                                CIVIL ACTION

VERSUS                                       NO: 09-4257

HOUSING AUTHORITY OF NEW                     SECTION: R(4)
ORLEANS, ET AL.

**ORDER AND REASONS**

This case concerns the administration of the federal Hope VI Revitalization program for the Desire area in the Ninth Ward of New Orleans. Before the Court is plaintiff Leonard Price's motion for enlargement of the discovery deadline,[1] defendants Kathleen Matthews, Margaret McMillan, and Bonnie Rogers' motion to dismiss for failure to comply with the scheduling order, or alternatively to reset all dates and cutoffs,[2] and defendant Desire Area Residents Council's ("DARC's") motion to dismiss for insufficient service of process.[3] For the following reasons, the Court DENIES plaintiff's motion, GRANTS IN PART and DENIES IN PART Matthews, McMillan, and Rogers' motion, and DENIES DARC's motion.

---

[1]  R. Doc. 87.

[2]  R. Doc. 92.

[3]  R. Doc. 97.

**I.   Service of Process**

Leonard Price filed his complaint *pro se* and *in forma pauperis* on July 9, 2009.[4] In the complaint, Price contends that defendants unlawfully deprived him of economic, employment and managerial opportunities and entitlements relating to the Hope VI Revitalization program in violation of equal protection, due process, and federal and state statutes. Price's initial attempt to serve defendants DARC, Matthews, McMillan, and Rogers was unsuccessful because the addresses he provided to the United States Marshals Service were incorrect.[5] On October 8, 2009, Price again attempted to serve these defendants.[6] The service of process in that attempt did not, however, include the original complaint.[7] On May 10, 2010, the Court ordered Price to either obtain a waiver of service from the defendants or properly serve the defendants within twenty days.[8] Price's third service attempt, on May 28, 2010,[9] was once again invalid because Price

---

[4]   R. Doc. 1.

[5]   R. Doc. 7, 9-11.

[6]   R. Doc. 25-28.

[7]   R. Doc. 38-3, 39-1, 39-2.

[8]   R. Doc. 59.

[9]   R. Doc. 68-71.

himself was the server of process.[10] The Court did not dismiss the complaint at that time, but issued the following order:

> The Court ORDERS Price to either obtain a waiver of service from the defendants, or else properly serve the defendants and file proof of service within TWENTY (20) DAYS. The Court emphasizes that it is the plaintiff's responsibility to ensure that the defendants are properly served in this matter. If Price fails to do so, and fails to obtain a waiver, the Court will dismiss this case.[11]

On August 2, 2010, Price properly served defendants Kathleen Matthews, Margaret McMillan, and Bonnie Rogers.[12] Price admits, however, that he attempted to serve DARC through its attorney of record, David Williams, rather than through its agent for service of process.[13] DARC argues that Price's action against it should be dismissed because of Price's continued failure to effect service of process properly.

DARC's motion to dismiss under Rule 12(b)(5) turns on the legal sufficiency of the service of process. Proper service of process is a prerequisite to a suit in federal court. Fed. R. Civ. P. 4(c)(1). Proceedings against a party are void if that party is not validly served. *Aetna Bus. Credit, Inc. v.*

---

[10] *Price v. Housing Authority of New Orleans*, No. 09-4257, 2010 WL 2836103 (E.D.La. July 16, 2010) (R. Doc. 79).

[11] *Id.* at *2 (citations omitted).

[12] R. Docs. 83-85.

[13] R. Doc. 99.

*Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The party on whose behalf service is made bears the burden of proving that service was valid. *Id.*

DARC is a Louisiana non-profit corporation.[14] Under Fed. R. Civ. P. 4(h)(1)(B), a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Rule 4(e)(1) allows service to be made pursuant to state law, but Louisiana law also provides that a corporation is served "by personal service on any one of its agents for service of process." La. Code Civ. Proc. art. 1261(A).

Price admits that he attempted to serve DARC through its attorney of record, David Williams.[15] He did not serve DARC through its registered agent, Kathleen Matthews.[16] Service upon a corporation's attorney of record is improper under both federal and state law when, as here, the attorney is not the corporation's agent for service of process. *See Ransom v. Brennan*, 437 F.2d 513, 518-19 (5th Cir. 1971) (federal law);

---

[14] R. Doc. 99, Ex. B, p. 14.

[15] R. Doc. 99.

[16] R. Doc. 99, Ex. B.

4

*Strange v. Imperial Pools, Inc.*, 506 So.2d 1205, 1208 (La. 1987) (state law).  Nor did Price serve the Louisiana secretary of state, as is allowed under certain circumstances by La. Code Civ. Proc. art. 1262.  Further, actual notice is not a substitute for proper service of process.  *Ransom*, 437 F.2d at 519.  Thus, Price has not properly served DARC.

Rule 4(m) gives a plaintiff 120 days to serve defendants.  More than 120 days have passed since Price filed his complaint on July 9, 2009.  When defendants are not validly served within 120 days of the filing of the complaint, a court must dismiss the action or order that service be made within a specified period of time.  Fed. R. Civ. P. 4(m).  If, however, the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period.  *Id.*  The plaintiff has the burden of proving good cause for his failure to effect timely service.  *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).  To demonstrate good cause, a plaintiff must "make a showing of good faith and show some reasonable basis for noncompliance within the time specified[.]"  *Systems Signs Supplies v. United States Department of Justice*, 903 F.2d 1011 (5th Cir. 1990) (quoting *Winters v. Teledyne*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (internal quotation marks removed).  Mere inadvertence, mistake of counsel, or ignorance of the rules usually do not

5

suffice to establish good cause. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

The rules governing service of process are applied to a *pro se* and *in forma pauperis* plaintiff in a "special" and "more lenient" manner. *Holly v. Metropolitan Transit Authority*, 213 Fed.Appx. 343, 344 (5th Cir. 2007) (citing *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). Such a case still may be properly dismissed when the lack of proper service is attributable to the plaintiff's "dilatoriness or fault" or "inaction." *Holly*, 213 Fed.Appx. at 344-45 (citing *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987)). The court has broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. United States Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Price has tried and failed to serve DARC properly four times. After Price's third attempt, the Court's order of July 16 gave Price "one final opportunity to serve these defendants properly."[17] The Court further stated: "If Price fails to do so, and fails to obtain a waiver, the Court will dismiss this case."[18] Rather than properly serving DARC, Price once again

---

[17] *Price v. Housing Authority of New Orleans*, No. 09-4257, 2010 WL 2836103 at *2 (E.D.La. July 16, 2010) (R. Doc. 79).

[18] *Id.*

failed to comply with the Federal Rules of Civil Procedure. Meanwhile, the trial date has approached. Trial is currently set for October 4, 2010, and most of the deadlines established in the scheduling order, such as the deadlines for discovery and filing pre-trial motions, have passed.[19]

Although the Court's patience is wearing thin, it will not dismiss Price's action against DARC at this time. Since the Court's order of July 16, Price has properly served defendants Matthews, McMillan, and Rogers in their personal capacities. Matthews is DARC's registered agent. Price therefore did serve DARC's registered agent, though he failed to serve her in her capacity as agent for DARC, as required. The Court will not punish a *pro se* litigant for such a technical imperfection in service of process. *See Systems Signs Supplies*, 903 F.2d at 1014 (5th Cir. 1990) ("technical imperfections of service" by *pro se* litigant may provide grounds for leniency, particularly if the defendant has actual notice of the suit); *Patterson v. Brady*, 131 F.R.D. 679, 685 n.9 (S.D.Ind. 1990) (not dismissing case when "only technical service upon the defendant's representatives was lacking" in light of "the plaintiff's own diligence, and the lack of prejudice to the defendant"); *Olympus Corp. v. Dealer Sales &*

---

[19] R. Doc. 34.

7

*Service, Inc.*, 107 F.R.D. 300, 306-07 (E.D.N.Y. 1985) (service on the defendant's attorney of record was improper, but due to "the very technical nature of the deficiencies in service," the court gave the plaintiff another opportunity to serve the defendant). In light of his *pro se* status, Price has made good faith efforts to effect service of process. *See Moore v. Agency for Intern. Development*, 994 F.2d 874, 877 (D.C. Cir. 1993) (permitting *pro se* litigant to perfect service of process when litigant had made two efforts to serve defendant, who had notice of the suit); *Chilean Nitrate Corp. v. M/V Hans Leonhardt*, 810 F.Supp. 732, 735 (E.D.La. 1992) (plaintiff's "four attempts to properly serve defendant" constituted a good faith attempt at service; "dismissal is appropriate only where the plaintiff has made little or no effort to effect proper service."); *cf. Rochon*, 828 F.2d at 1110 (dismissing complaint of *pro se* plaintiff who did "nothing" to remedy service that he knew was defective). Price's failures to effect service to date constitute "innocent mistake," not "inexcusable neglect." *See Lisson v. ING GROEP N.V.*, 262 Fed.Appx. 567, 571 (5th Cir. 2007) (service upon the wrong corporate entity did not constitute inexcusable neglect).

Further, for reasons stated *infra* in part II, the Court will continue the trial date and associated deadlines in this matter. Thus, Price's failure to effect proper service will not result in

8

any prejudice to DARC, particularly because DARC has long had actual notice of this action. Lack of prejudice to the defendant is a factor in determining whether the plaintiff has shown good cause for failure to effect timely service. *See Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990) (absence of prejudice to defendant should be considered in determining whether to accept "good cause" explanation); *Ayer*, 857 F.2d 881, 885 (1st Cir. 1988) ("there has been no meaningful demonstration of any cognizable prejudice resulting to defendants from the passage of additional time."). "[T]he simple manner in which the service deficiency can be cured, and the absence of any articulated prejudice" to the defendant support a finding of good cause. *Roque v. United States*, 857 F.2d 20, 21 (1st Cir. 1988).

Price has made slow but steady progress in serving the defendants, and only DARC remains to be served. The Court trusts that Price will not abuse the Court's leniency, but will instead comply fully with Rule 4 and properly serve DARC. The Court ORDERS Price to properly serve DARC within FIFTEEN (15) DAYS. Price's claims against DARC are NOT DISMISSED.

**II. Compliance with Scheduling Order and Continuance of Deadlines**

Price requests that the discovery deadline in this case be continued until September 23, 2010. Defendants Matthews, McMillan, and Rogers oppose this request. They argue that the complaint should be dismissed because Price failed to comply with the scheduling order. In the alternative, defendants argue that all dates and deadlines should be extended.

As discussed *supra*, progress in this case has been delayed due to improper service of process. DARC has still not been properly served, and Matthews, McMillan, and Rogers were not properly served until August 2, 2010.[20] The latter defendants were served within the extended period for service the Court established in its order of July 16,[21] but after numerous deadlines established in the scheduling order had passed, including the deadlines for pre-trial motions, discovery, and submission of witness and exhibit lists.[22] By not submitting witness and exhibit lists, Price failed to comply with an order of the Court.

---

[20] R. Docs. 83-85.

[21] R. Doc. 79.

[22] R. Doc. 34.

Under Rule 41(b), a defendant may move to dismiss based on the plaintiff's failure to comply with a court order. Because this suit was filed over a year ago, the limitations period has expired for some if not all of plaintiff's claims, and a dismissal would effectively be with prejudice. Dismissal under Rule 41(b) is only appropriate upon a showing of "a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (internal quotation marks removed); *see also Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (same).

No such showing has been made here. Defendants do not contend that Price has engaged in contumacious conduct, and there is no clear record of delay. To the contrary, Price has attempted to move this case forward by making efforts to effect service of process and to obtain discovery.[23] The Fifth Circuit has held that a plaintiff's failure to comply with only "a few court orders or rules" does not justify dismissing a suit with prejudice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 n.6 (5th Cir. 1992). This case does not involve the kind of "significant period of total inactivity" that could justify

---

[23] *See* R. Doc. 61 (plaintiff's motion for sanctions for defendants' failure to make initial disclosures).

dismissal with prejudice. *See Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (no clear record of delay or contumacious conduct, despite counsel's failings, when there were no "significant periods of total inactivity"); *cf. Sealed Appellant*, 452 F.3d at 419 (dismissing case after "almost two years of total inactivity" by the plaintiff); *Aisola v. Exxonmobil Corp.*, No. 08-1105, 2009 WL 1455788 at *5 (E.D.La. May 22, 2009) (dismissing case when "[p]laintiffs have utterly failed to comply with Rule 26 and the scheduling order in *every way*.") (emphasis in original). Further, Price's *pro se* status counsels leniency, although it does not excuse noncompliance with court orders. *Mirakhorli v. Hilton Hotel*, 166 F.3d 340 (5th Cir. 1998).

The Court will not dismiss Price's complaint at this time. Defendants request in the alternative that all dates and deadlines, not just the discovery deadline, be continued. Plaintiff does not oppose this request. Further, the plaintiff and the defendants all assert that they have not yet had the opportunity to conduct sufficient discovery to proceed to trial. In light of Price's attempts to move this case forward, and his *pro se* status, a continuance rather than a dismissal serves the best interests of justice. The Court will therefore continue the trial and pre-trial deadlines in this matter.

**III. Conclusion**

For the foregoing reasons, the Court DENIES plaintiff's motion to reset the discovery deadline to September 23, 2010, GRANTS IN PART and DENIES IN PART Matthews, McMillan, and Rogers' motion to dismiss for failure to comply with scheduling order, or alternatively to reset all dates and cutoffs, and DENIES DARC's motion to dismiss for insufficient service of process.

The pre-trial conference currently set for September 21, 2010, and the trial set for October 4, 2010, are hereby continued. The Court orders the parties to participate in a telephone scheduling conference with the Court's case manager on October 7, 2010 at 11:30 a.m. to set new trial and pre-trial conference dates.

New Orleans, Louisiana, this __20th__ day of September, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE