```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LEONARD PRICE                                      CIVIL ACTION

VERSUS                                             NO: 09-4257

HOUSING AUTHORITY OF NEW                           SECTION: R(4)
ORLEANS, ET AL.
```

### ORDER AND REASONS

Before the Court are plaintiff Leonard Price's motions for a declaratory judgment and preliminary injunction.[1]  Because Price has not shown that he will be irreparably injured if preliminary relief is not granted, the motions are DENIED.

**I.   Background**

On July 9, 2009, Price brought this action *pro se* against the Housing Authority of New Orleans (HANO), the Desire Area Resident's Council (DARC), and various officials associated with these organizations.  Price's allegations concern HANO's and

---

    [1]   R. Docs. 113 & 124.

DARC's administration of the federal Hope VI Revitalization program for the Desire area in the Ninth Ward of New Orleans. Price asserts that HANO and DARC unlawfully deprived him of economic, employment, and managerial opportunities and entitlements in violation of equal protection, due process, and federal and state statutes.  Price now seeks a declaratory judgment and preliminary injunction against HANO and DARC.

**II.  Motion for Declaratory Judgment**

In his request for declaratory judgment, Price asks the Court to adjudicate the status of a certain Memorandum of Understanding between HANO and DARC, to determine his standing to institute this action, to declare Desire residents' rights and interests in the implementation of the Hope VI program, and to determine the legal status of the DARC defendants as board members and officers of that organization.  These issues are related to the allegations in Price's petition, but Price sets out no reason why any of these determinations should be made on a preliminary basis.  Rather, the Court will consider these issues, as appropriate, when it decides the merits of this case.

**III. Motion for Preliminary Injunction**

Price also requests a preliminary injunction against DARC

and HANO. Price asks the Court to enjoin HANO and DARC from meeting with each other, meeting with residents, paying their employees, and continuing their activities at the Desire development generally. Price also asks that DARC be required to make an accounting of all funds received on behalf of Desire residents and that DARC and HANO be required to deposit all remaining funds with the Court.

A party may obtain a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat the movant will suffer irreparable harm if the injunction is not granted; (3) the threatened injury to the movant outweighs the potential injury to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). "A preliminary injunction is an extraordinary remedy which courts grant only if the movant has clearly carried the burden as to all four elements." *Id.* The primary purpose of a preliminary injunction is to preserve the Court's ability to hear the case on the merits. *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1178 (5th Cir. 1989).

Price has not made a showing that he will suffer irreparable injury if a preliminary injunction is not granted. There is no

indication at all that the activities Price seeks to enjoin will cause him irreparable injury. Further, "[t]here can be no irreparable injury where money damages would adequately compensate a plaintiff." *DFW Metro Line Serv. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). Price has not shown that any injuries he will suffer in the absence of preliminary relief cannot be adequately redressed with money damages. Price has not established a "substantial threat" that he will suffer irreparable injury if a preliminary injunction is not granted. *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Therefore, the Court denies Price's motions for a preliminary injunction.

## IV. Conclusion

For the foregoing reasons, Price's motions for a declaratory judgment and preliminary injunction are DENIED.

New Orleans, Louisiana, this __1st__ day of February, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE