UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONARD PRICE | CIVIL ACTION |
| VERSUS | NO: 09-4257 |
| HOUSING AUTHORITY OF NEW ORLEANS, ET AL. | SECTION: R(4) |

**ORDER AND REASONS**

Before the Court are defendants Desire Area Residents Council (DARC), Kathleen Matthews, Margaret McMillan, and Bonnie Rogers' (collectively, the DARC defendants') motion to dismiss[1] and motion for summary judgment.[2] Also before the Court is defendant Housing Authority of New Orleans' (HANO's) motion for summary judgment.[3] Because plaintiff has not met his evidentiary burden, defendants' motions for summary judgment are GRANTED.

---

[1] R. Doc. 120.

[2] R. Doc. 146.

[3] R. Doc. 115.

## I. Background

This case concerns entitlements purportedly arising out of a revitalization plan for a public housing development. On July 6, 2009, plaintiff Leonard Price brought this action *pro se* against HANO, DARC, and various officials associated with those organizations. Price's allegations concern HANO's and DARC's administration of the federal Hope VI Revitalization program for the Desire area in the Ninth Ward of New Orleans. Price asserts that HANO and DARC unlawfully deprived him of economic, employment, and managerial opportunities and entitlements in violation of equal protection, due process, and federal and state statutes. He also claims that HANO and DARC breached a memorandum of understanding that they entered into on June 24, 1996 which sets out guidelines to ensure resident participation in the revitalization program.[4]

On May 10, 2010, the Court granted in part and denied in part the DARC defendants' motion to dismiss.[5] First, the Court dismissed Price's Title VII claim. Second, the Court did not dismiss Price's claims under 42 U.S.C. § 1983 on prescription or color of state law grounds, but it ruled that 12 U.S.C. § 1701u,

---

[4] R. Doc. 155, Ex. 1.

[5] R. Doc. 59.

which concerns economic opportunities for low-income persons, does not create individually enforceable rights. The DARC defendants did not challenge Price's constitutional claims under § 1983 on substantive grounds. After resolving a number of motions relating to service of process, the Court then denied Price's motion for declaratory judgment and preliminary injunction against HANO and DARC.[6] The DARC defendants now move again to dismiss, and the DARC defendants and HANO move for summary judgment.

## II. Standard

The DARC defendants move to dismiss this case under Fed. R. Civ. P. 12(b)(6), but because both plaintiff and the DARC defendants present evidence outside the pleadings, such as the affidavits of Leonard Price and Kathleen Matthews, the Court will decide this matter under the summary judgment standard. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v.*

---

[6] R. Doc. 136.

*Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

Because Price filed this action *pro se*, the Court must judge his pleadings by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, *reh'g denied*, 405 U.S. 948 (1972). Nevertheless, plaintiff's *pro se* status does not exempt him from the usual evidentiary requirements of summary judgment. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

## III. Discussion

### *A. Timing of Motions*

Price asserts that defendants' motions for summary judgment

are premature because, at the time the motions were filed, the discovery deadline had not yet passed. Price originally filed this case on July 6, 2009, and he has had ample time to obtain discovery. Nonetheless, on March 9, 2011, the Court granted Price leave to supplement the record with any additional evidence he has obtained.[7] Plaintiff responded with a motion to compel that contains no reasoning or specifics.[8] The motions for summary judgment are now ripe for decision.

*B. Section 1983 Claims*

A claim under section 1983 has two elements: first, the plaintiff must have been deprived of a right or interest secured by the Constitution or laws of the United States, and second, the deprivation must have occurred under color of state law. *Doe v. Rains County Ind. School Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Price alleges that the defendants deprived him of rights and interests that are secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

i. Due Process

---

[7] R. Doc. 162.

[8] R. Doc. 164.

In a section 1983 suit alleging a violation of the Due Process Clause, a plaintiff must "(1) assert a protected 'liberty or property' interest and (2) show that [he was] deprived of that interest under color of state law." *Id.* The Court interprets Price's allegations that defendants deprived him of employment and management opportunities as attempting to state a claim that defendants have interfered with his property interests. "In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he 'must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). It is settled that property interests "are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn*, 42 F.3d 925, 936-37. Whether such a property interest exists must be determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976).

Price alleges that he has been deprived of rights to employment and participation in the management of the Desire revitalization program in violation of a June 24, 1996 memorandum

of understanding (MOU) between HANO and DARC. The MOU sets out guidelines designed to "ensure resident participation in the revitalization of Desire development."[9] In particular, the MOU states that HANO and DARC will hold "at least [six] open meetings annually with the Desire Resident Community," that these meetings will be "publicly announced," and that HANO and DARC "will make their best efforts to ensure that all decisions will involve the participation of the resident[s] of Desire."[10] The MOU also states that HANO and DARC will formulate committees for various purposes and that the committees will be composed of at least 51 percent Desire residents.[11] Further, the MOU states:

> The Authority [HANO] will train residents for all types of economic opportunities, including but not limited to management, entrepreneurship, construction and maintenance. The Authority will hire residents during the planning, reconstruction and re-occupancy of Desire LA 1-14. The DARC will participate with the identification and selection of the Desire residents in hiring programs. The Authority will consider DARC or Desire Resident[s] for available contracts for any and all phases of planning, reconstruction, evaluation and monitoring of Desire, LA 1-14.[12]

Price is not a party to the memorandum of understanding

---

[9] R. Doc. 155, Ex. 1, at 1.

[10] *Id.* at ¶4, 6.

[11] *Id.* at ¶3, 7.

[12] *Id.* at ¶10.

between HANO and DARC, but he suggests that as a resident of the Desire development, he is a third-party beneficiary of the MOU and thus has constitutionally-protected interests under that contract. Article 1978 of the Louisiana Civil Code states: “A contracting party may stipulate a benefit for a third person called a third party beneficiary.” Under Louisiana law, a contract for the benefit of a third party is commonly referred to as a stipulation *pour autrui*. *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1211 (La. 2006). In *Joseph*, the Supreme Court of Louisiana held that there are three criteria for determining whether contracting parties have created a stipulation *pour autrui*: “1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee.” *Id.* at 1212. Additionally, “[a] stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof.” *Id.* (citing La. Civ. Code art. 1831).

The Court need not determine whether a Desire resident could ever be considered a third-party beneficiary under any provision of the MOU. Rather, the Court will focus on the benefits Price seeks under the contract. The Court finds that the MOU does not stipulate with sufficient clarity or certainty that Price is

entitled to the benefits he seeks. The MOU simply does not protect the sweeping interests Price asserts in this case, and without the MOU to support his claim, “[t]he mere fact that a government program exists does not give a person a property interest in participating in the program.” *Wilson v. United States Dept. of Agriculture*, 991 F.2d 1211, 1216 (5th Cir. 1993) (quoting *Westcott v. U.S. Dept. of Agriculture*, 611 F.Supp. 351, 359 (D. Neb. 1984)). “Absent an identifiable property interest, [plaintiff] cannot argue [he was] denied due process.” *Wilson*, 991 F.2d at 1216.

Price asserts that the defendants have failed to provide him with employment and other economic opportunities. The MOU, however, does not oblige HANO or DARC to hire Price. Rather, it states generally that HANO will train residents for “all types of economic opportunities” and will “hire residents,” and that DARC will participate in identifying residents for such programs. These provisions do not guarantee Price employment or any particular economic opportunity. Price states that he has not received job training, but he has not shown that he applied for any such training. Further, Price has provided a letter from HANO that actually describes an entrepreneurship training

opportunity that HANO offered to Desire residents.[13] Price also states that he is entitled to funds held by HANO and DARC for resident empowerment, but neither the MOU nor any other agreement that has been brought to the Court's attention gives Price the right to obtain such funds. Price has not provided any competent evidence that he was denied employment or other economic opportunities to which he was entitled, and his conclusory, self-serving affidavit is insufficient to survive defendants' motions. *See Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").

Price also asserts that he was denied the right to participate in defendants' decision-making processes and that he did not receive adequate notice of meetings in which decisions were made. The degree of Desire residents' control over the revitalization program was the subject of a class action lawsuit in which DARC and certain Desire residents sued HANO. *DARC v. HANO*, Civil Action No. 01-3156 c/w 01-3180 (E.D. La.). The court certified a class that included all Desire residents between 1995

[13] R. Doc. 155, Ex. J.

and 2001.[14] The class therefore included Price, who states in his affidavit that he lived in the Desire development in 1996.[15] In certifying the class and approving the settlement in that case, the court found that the evidence "does not support the conclusion that HANO ever intended to abdicate, did abdicate, or had authority to abdicate its ultimate decision-making authority (or its governmental responsibilities) via the 1996 Memorandum of Understanding or otherwise."[16] For that reason, among others, the court approved the settlement, which ultimately led to the creation of a separate entity called the Desire Area Resource Center and a memorandum of understanding between HANO and the Resource Center that was signed on December 12, 2003.[17] The Resource Center is not a defendant in this suit.

The court's determination that decision-making authority ultimately rests with HANO, despite the 1996 memorandum of understanding, is clearly correct.[18] The MOU states that HANO and DARC "will make their best efforts" to ensure resident

---

[14] Civil Action No. 01-3180, R. Doc. 89, at 2.

[15] Civil Action No. 09-4257, R. Doc. 113, at 5, ¶1.

[16] Civil Action No. 01-3180, R. Doc. 99, at 7.

[17] Civil Action No. 09-4257, R. Doc. 155, Ex. 2.

[18] Thus, the Court has no need to examine whether Price is collaterally estopped from challenging that determination.

participation in decision-making, but it does not give Price the right to participate in the making of any particular decision - if indeed he were to specify such a decision, which he does not.

Price also asserts that he was denied the right to participate in meetings held by DARC and HANO. He fails, however, to specify what meetings he is referring to, when those meetings occurred or should have occurred, the particular interest he had in those meetings, or what committees he wanted to join. Nor has Price submitted evidence that he ever demanded to participate in any meetings or to join any particular committees. At this summary judgment stage, Price's general assertions are insufficient. Additionally, Kathleen Matthews, a defendant and the acting president of DARC, states in her affidavit that Desire residents do have the ability to participate in certain DARC board meetings, as well as meetings with the corporation that has been chosen to manage the Desire properties.[19] Those meetings have apparently come to replace the public meetings with HANO that took place closer to the beginning of the revitalization program.[20] Price's broad assertion that he has been denied participation in meetings does not create a

---

[19] R. Doc. 114, Ex. 1, at 2.

[20] *Id.*

genuine issue of material fact in light of the particulars that defendants have provided. Further, to the extent that details of these public meetings have changed over time, HANO and DARC may alter the stipulation *pour autrui* "before the third person manifests his intent to avail himself of the benefit[.]" *Rosenbloom v. Bauchat*, 654 So.2d 873, 876 (La. App. 4 Cir. 1995) (citing La. Civ. Code art. 1978). There is no indication that Price manifested such an intent before any such changes in the details of these public meetings.

Price also asserts that he has been denied notice of meetings, but he does not specify what form of notice he should have received. Further, Price's assertion is belied by the MOU itself, which indicates when and where meetings are held,[21] as well as the affidavit of Kathleen Matthews, in which she specifies when board meetings are held and states that flyers are used to announce meetings with the management corporation.[22] Price has not shown that such notice was insufficient or that he was entitled to personalized notice. Rather, Price contradicts this specific evidence with nothing more than general assertions.

In addition, Price asserts that elections for DARC officer

---

[21] R. Doc. 155, Ex. 1, at ¶4.

[22] R. Doc. 114, Ex. 1, at 2.

positions have not taken place as required. In the class action settlement, however, HANO and DARC agreed that the current DARC officers would remain in place until construction was completed.[23] Price has no basis upon which to challenge this agreement.

In short, the MOU does not protect the broad interests Price asserts. It certainly does not protect those interests with the clarity required for a stipulation *pour autrui*. Moreover, Price has not come forward with competent evidence that defendants intruded on any such interests. Price has failed to meet his evidentiary burden on summary judgment, and his due process claim is DISMISSED.

ii. Equal Protection

Price contends that defendants have denied him employment while employing the female members of the DARC board of directors. The Equal Protection Clause directs that persons similarly situated should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). To state a claim under the Equal Protection Clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff

[23] Civil Action No. 01-3180, R. Doc. 99, at 17.

because of membership in a protected class. *Washington v. Davis*, 426 U.S. 229, 247-48 (1976).

The evidence indicates that three DARC board members, who happen to be female, are also employed part-time by the Desire Area Resource Council, a separate entity set up to administer social services programming in the wake of the class action settlement with HANO. Price has not established that he is similarly situated to these individuals or even that he applied for the jobs they hold with the Resource Council. Indeed, Price has not specified any position for which he applied but was not hired. Price was in fact hired for a two-week temporary construction job at the Desire development, but he does not set out the circumstances in which that employment came to an end. Further, Price has not shown or even alleged that there was any discriminatory intent on the part of the defendants. Accordingly, Price's equal protection claim is DISMISSED.

*C. Claim against the Department of Housing and Urban Development*

Price also purports to state a claim against the United States Department of Housing and Urban Development (HUD) for failure to comply with 42 U.S.C. § 1437, *et seq.* Price does not name HUD as a defendant, however, and the Magistrate Judge denied

Price's motion to amend the complaint to add HUD.[24] Price asks the Court to reconsider that decision, but he did not appeal the Magistrate Judge's decision within 14 days as required by Fed. R. Civ. P. 72. Therefore, Price's request that the Court reconsider the Magistrate Judge's decision is DENIED, and Price's claim under 42 U.S.C. § 1437, *et seq.* is DISMISSED.

*D. State Law Claims*

In addition to his claims under federal law, Price asserts state law contract and tort claims. Although courts generally decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed, judicial economy is also an important consideration. *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992). In the interest of judicial economy, the Court will decide Price's state law claims at this time. First, Price's contract claim under La. Civ. Code art. 1906 fails because Price is not a party to the 1996 memorandum of understanding, and as discussed *supra*, the MOU does not stipulate to Price the benefits he seeks with any degree of clarity or certainty. Second, Price generally asserts a tort claim under La. Civ. Code art. 2315,

[24] R. Doc. 56.

which states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Price does not specify what tort defendants committed, and he does not set out, much less support with evidence, any elements of such a claim. *See, e.g.*, *Roberts v. Benoit*, 605 So.2d 1032, 1051 (La. 1991) (setting out the five elements of a negligence claim under Louisiana law). Thus, Price's state law claims must be DISMISSED.

**IV. Conclusion**

For the foregoing reasons, defendants' motions for summary judgment are GRANTED, and this case is DISMISSED.

New Orleans, Louisiana, this 28th day of March, 2011.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE